209    465
216    ¹383

## Commonwealth v. Kovovic, Appellant.

*Criminal law—Murder—Degree—Province of court and jury.*

An imperative instruction which takes from the jury the right to ascertain the degree of murder is erroneous, but an instruction which points out to them their duty under the law, but leaves them free to act, is not.

Where the trial judge properly instructs the jury as to their power and duty to determine the degree of the crime, he cannot be said to take away from the jury the determination of the degree by charging that if the jury found that the death of the deceased " was a murder wilful, deliberate and premeditated by lying in wait, and in the perpetration of a robbery, it is a murder of the first degree, and if you find under all the evidence that

the defendant committed that crime under these circumstances, your ver-
dict should be murder of the first degree, or not guilty, and in making
your return if you find that he is guilty of murder in the first degree you
will so state in your verdict, and if he is not guilty you will so state."

*Criminal law—Murder—Evidence—Circumstantial evidence.*

Circumstantial evidence is in the abstract nearly though perhaps not
altogether as strong as positive evidence. In the concrete it may be infi-
nitely stronger. A fact positively sworn to by a single eye witness of
blemished character is not so satisfactorily proved as is a fact which is a
necessary consequence of a chain of other facts sworn to by many wit-
nesses of undoubted credibility.

A long chain of circumstantial evidence was held in this case sufficient to
support a verdict of murder of the first degree.

Argued May 9, 1904. Appeal, No. 85, Oct. T., 1904, by
defendant, from judgment of O. & T. Washington Co., Feb. T.,
1904, No. 25, on verdict of murder in the first degree in case
of Commonwealth v. Milovar Kovovic. Before FELL, BROWN,
MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Indictment for murder. Before TAYLOR, J.

The facts are stated in the opinion of the Supreme Court.

Verdict of guilty of murder in the first degree, upon which
judgment of sentence was passed.

*Errors assigned* were (3) the statement quoted in the opin-
ion of the Supreme Court, and (39) in instructing the jury in
effect, that their verdict should be either "guilty of murder in
the first degree" or "not guilty."

*Harry Alvan Hall,* with him *James Francis Burke* and *Alex.
M. Templeton,* for appellant, submitted no printed argument.

*Owen C. Underwood,* district attorney, with him *John Mar-
ron,* for the commonwealth.

OPINION BY MR. JUSTICE FELL, June 15, 1904 :

The appellant was convicted of murder of the first degree
and the argument here made on his behalf has been in support
of the third assignment of error, which is : " The testimony in
the case, in the absence of any direct proof of the defendant's
guilt was not such as to establish such a chain of circumstances

as the law holds to be necessary for the purpose of conviction and under all the evidence in the case, the court should have directed a verdict of ' not guilty.' " .

We find from the testimony that the facts established at the trial beyond all dispute were these: Samuel T. Ferguson, a member of a construction company engaged in building a railroad in Washington county, on a regular monthly pay day drew a large amount of money from a bank, placed it in a satchel, and accompanied by the company's paymaster started to drive to a place where the men were working. At an unfrequented part of the road forty or fifty sticks of dynamite were exploded under the horses they were driving, killing Mr. Ferguson and seriously injuring the paymaster. The explosion was effected by means of an electric battery placed behind a tree on a bank at the side of the road, and connected by a wire with the dynamite. The battery and wire had been stolen the night before from the company's tool house. A double barrel shotgun loaded and cocked was found near the battery. The satchel in which the money had been placed was found some distance from the scene of the murder, ripped open and the money gone.

The most important testimony tending to connect the appellant with the commission of the crime was that he owned the gun found beside the battery and that it had been last seen in his possession; that though he was idle and shiftless and never known to save money, he was after the murder in possession of a large amount of money identical in kind and denomination and similar in appearance to that taken from the satchel; that he immediately left the locality and assumed another name. It was shown that he had a few months before worked for the construction company, knew the custom as to the payment of workmen, and was familiar .with the use of dynamite; that a few days before the murder he had appeared in the neighborhood ostensibly seeking work but idling around the camp; that he was seen at the tool house the day the battery and wire were stolen from it, and at the place of the murder the morning it was committed; that a few days later he was seen in the state of Ohio and had in his possession a large roll of money; that with a companion who was arrested with him he went after business hours to the foreign department of a Pitts-

burg bank with a large roll of money tied up in a handkerchief; that he requested a clerk to count the money for him and to exchange a part of it for Austrian money; that both men purchased steamer tickets under assumed names and desired to take the first steamer without regard to the greater expense; that when the appellant was arrested at Southampton, England, he had Austrian and American money in his possession and that he denied that his name was Kovovic, that he had ever been in Washington county, and that he had known his companion until he had formed his acquaintance on the steamer. These and other inculpatory facts and circumstances testified to not only indicated the appellant's guilt, but seem to be incapable of explanation on any other reasonable hypothesis. The commonwealth's testimony while purely circumstantial was sufficient to warrant the verdict. "Circumstantial evidence," it was said by Chief Justice GIBSON in Commonwealth v. Harman, 4 Pa. 269, "is in the abstract nearly though perhaps not altogether as strong as positive evidence. In the concrete it may be infinitely stronger. A fact positively sworn to by a single eyewitness of blemished character is not so satisfactorily proved as is a fact which is a necessary consequence of a chain of other facts sworn to by many witnesses of undoubted credibility." The commonwealth's testimony was sufficient, if believed by the jury, to warrant their verdict.

Only one other specification of error, the thirty-ninth, need be considered. This is: "The court erred in instructing the jury in effect, that their verdict should be either guilty of murder of the first degree or not guilty." No question of the degree of the crime was raised at the trial, and there was no ground on which it could be questioned. The learned judge carefully and properly instructed the jury as to the degrees of murder and distinctly told them that it was their province to ascertain the degree from the evidence and to state it in their verdict. The part of the charge on which this assignment is based is this: "We say, gentlemen of the jury, if you find from the evidence of the commonwealth that the death of Samuel Ferguson was a murder wilful, deliberate and premeditated by lying in wait and in the perpetration of a robbery, it is a murder of the first degree, and if you find under all the evidence in the case that the defendant, Milovar

Kovovic, who is on trial for the crime, committed that crime under these circumstances, your verdict should be murder of the first degree, or not guilty, and in making your return if you find that he is guilty of murder in the first decree, you will so state in your verdict, and if he is not guilty you will so state." If the words "you will so state in your verdict," could be considered an imperative instruction, error was committed. An imperative instruction which takes from the jury the right to ascertain the degree is erroneous, but an instruction which points out to them their duty under the law but leaves them free to act is not. The distinction between a binding instruction and a proper statement of the law has been pointed out in Rhodes v. Commonwealth, 48 Pa. 396; Lane v. Commonwealth, 59 Pa. 371; Shaffner v. Commonwealth, 72 Pa. 60; McMeen v. Commonwealth, 114 Pa. 300; Commonwealth v. Sheets, 197 Pa. 69. The instruction complained of, taken in connection with the instruction as to the power and duty of the jury to determine the degree of the crime, was not imperative and therefore not erroneous.

The judgment of the court of oyer and terminer is affirmed, and it is directed that the record be remitted in order that the sentence of the court may be carried into execution.