## Commonwealth v. Fellows, Appellant.

*Criminal law—Murder—Degree—Function of jury.*

A conviction of murder in the first degree will be reversed where the charge
of the trial judge amounts to binding instructions to find that the crime al-
leged to have been committed was murder of the first degree, thus taking
from the jury the right to determine the degree as required by the Act of
March 31, 1860, P. L. 382.

Where the trial judge instructs the jury that he does not deem it necessary
to define murder of the second degree or explain it, for the reason that under
the testimony the verdict should be murder of the first degree, or not guilty,
and there is nothing in the general charge to save the error, the conviction
will be reversed.

Mr. Chief Justice MITCHELL dissents.

Argued May 8, 1905.   Appeal, No. 84, Oct. T., 1905, by
defendant, from judgment of O. & T. Cambria Co., Dec. T.,

1904, No. 3, on verdict of guilty of murder of the first degree in case of Commonwealth v. Stephen Fellows.   Before MITCH-ELL, C. J., FELL, BROWN, MESTREZAT and ELKIN, JJ.   Reversed.

Indictment for murder.   Before O'CONNOR, P. J.

The court charged in part as follows:

[We do not know that we should take the chance of confusing you by defining the various degrees of homicide, for the reason that it does seem to us that in this case your verdict should be murder in the first degree or not guilty.] [1]

[We have before suggested that we do not deem it necessary in this case to define murder in the second degree or to explain it, nor do we deem it necessary to define manslaughter and to explain it, for the reason that there are no elements of manslaughter in the case, and there seems to be nothing in the testimony that would fix the degree of the defendant's guilt at murder in the second degree, if he be guilty at all.   It seems to us, under the evidence, that he is either guilty of murder in the first degree or he is not guilty of anything, and that is why we have considered it best not to confuse you, in your disposition of the case, by burdening you with definitions of offenses which we conceive have no application here] [2.]

[If you find, from all the evidence in the case, that this defendant has committed a wilful and deliberate murder, you convict him of murder in the first degree, for, as we have suggested, that is the only question in the case, if the evidence is to be believed, unless you find that, at the time of the commission of the offense, the defendant was not responsible.   If you find that, it does not reduce the crime, but operates in the acquittal of the defendant entirely, and your verdict would be not guilty.] [3]

Verdict of guilty of murder of the first degree on which judgment of sentence was passed.

*Error assigned* was the judgment of the court.

*John E. Evans*, with him *Frank J. Hartmann*, for appellant.—It is error for the court to withdraw from the jury their right

to fix and determine the degree of murder: Rhodes v. Commonwealth, 48 Pa. 396; Lane v. Commonwealth, 59 Pa. 371; Shaffner v. Commonwealth, 72 Pa. 60; Com. v. Sutton, 205 Pa. 605.

It is error, in a homicide case, if the court fails to instruct the jury fully upon the law applicable to the evidence: Myers v. Com., 83 Pa. 131; Com. v. Sutton, 205 Pa. 605.

*M. B. Stephens,* with him *J. W. Leech,* for appellee.—The learned judge of the court below did not in any manner withdraw from the jury their right to fix and determine the degree of murder in this case: Rhodes v. Com., 48 Pa. 396.

" An imperative instruction which takes from the jury the right to ascertain the degree of murder is erroneous, but an instruction which points out to them their duty under the law but leaves them free to act is not : " Commonwealth v. Kovovic, 209 Pa. 465.

The distinction between a binding instruction and the proper statement of the law has been pointed out in Rhodes v. Commonwealth, 48 Pa. 396; Lane v. Commonwealth, 59 Pa. 371; McMeen v. Commonwealth, 114 Pa. 300; Commonwealth v. Sheets, 197 Pa. 69.

The Supreme Court will not reverse a judgment on a verdict of guilty of murder in the first degree because of a trivial error which could have done the prisoner no harm : Commonwealth v. Van Horn, 188 Pa. 143.

OPINION BY MR. JUSTICE ELKIN, May 24, 1905:

Did the charge of the learned trial judge amount to binding instructions to find that the crime alleged to have been committed was murder of the first degree, thus taking from the jury the right to determine the degree as required by the act of assembly? The appellant contends that error was committed in this respect. The Act of March 31, 1860, P. L. 382, under which defendant was indicted, provides, inter alia : " And the jury before whom any person indicted for murder shall be tried, shall, if they find such person guilty thereof, ascertain in their verdict whether it be murder of the first or second degree." This is an imperative duty, which under the express provisions of the statute the jury alone must perform. The court cannot

be the keeper of the consciences of, nor the arbitrator of the facts for, the jury, because in the law it is otherwise written. Binding instructions to find the defendant guilty of murder of the first degree or to acquit, and which gave the jury no alternative in finding the degree, violate the statutory rule and are erroneous. All of our cases recognize and follow this rule: Rhodes v. Commonwealth, 48 Pa. 396; Lane v. Commonwealth, 59 Pa. 371; Shaffner v. Commonwealth, 72 Pa. 60; Commonwealth v. Sutton, 205 Pa. 605.

In Rhodes v. Commonwealth, 48 Pa. 396, Chief Justice WOODWARD said: "It is vain to argue that the judge was more competent to fix the degree than the jury, or that the circumstances proved the crime to be murder of the first degree, if murder at all; for the statute is imperative that commits the degree to the jury. It was proper for the judge to advise them of the distinction between degrees, to apply the evidence, and to instruct them to which of these degrees it pointed; but to tell them they must find the first degree, was to withdraw the point from the jury and decide it himself." It was said in that case that the charge, which left the jury no alternative degree to consider by instructing them that it was their duty either to find the defendant guilty of murder of the first degree or to acquit, was erroneous.

It is true in some of our cases it has been held that the rule was not violated because while the jury was not instructed to ascertain the degree in specific terms, the charge as a whole reasonably left the alternative degrees of murder for the determination of the jury. In these cases the distinction is drawn between a correct statement of the law and the facts applicable thereto, and binding instructions to the jury which take from them the right to ascertain the degree. In not a single case, however, has this court departed from the settled rule that instructions to either convict of murder of the first degree or to acquit were erroneous, except in those instances where the error in this respect was held not to be reversible because the general charge fairly left the whole question to the jury. While murder is a common-law offense, our statute fixes what constitutes the degree thereof, and imposes on the jury the duty of ascertaining the same. In the case at bar the learned court below instructed the jury that he did not deem it neces-

sary to define murder of the second degree or explain it, for the reason that under the testimony the verdict should be murder of the first degree or not guilty. These instructions are substantially reiterated several times in the charge. They are in substance binding instructions to either return a verdict of murder of the first degree or to acquit, and the general charge did not save the error. No alternative as to the degree was suggested in the charge. We concede that courts will not be astute in sustaining unsubstantial technicalities in favor of criminals whose guilt is clear and where a just verdict has been returned. The instructions in this case, however, not only violated an express provision of the statute, but the settled rules of law applicable thereto as well. The learned trial judge, actuated by a sense of duty, no doubt, thought the defendant should be convicted of murder of the first degree, and inadvertently went further than the act of assembly permits or the decisions of our court justify in his effort to reach this result.

Judgment reversed and a venire facias de novo awarded.

Mr. Chief Justice Mitchell, dissenting:

I would affirm this judgment. There is not the slightest doubt about the guilt of the appellant or the degree of it. Even his counsel, who come here under their professional obligation to take the most favorable view of their client's case, have nothing to offer but a technicality, which in my opinion is not sound even technically.

It is true that the statute enacts that the jury if they find a person indicted guilty shall "ascertain in their verdict whether it be murder of the first or second degree," but they are to "ascertain," i. e., to decide and declare, that fact, just as they do the other facts in the case, in accordance with their oath to render "a true verdict according to the evidence." In the present case the only verdict the evidence would justify, was, as the judge instructed the jury, either murder of the first degree or not guilty. The jury had the power to render a different verdict, just as they had the power to find the prisoner guilty of assault only, but I cannot be convinced that it was reversible error for the judge to omit to tell them that they had the power, if they chose, to disregard their duty and violate their oaths by a verdict which no view of the evidence would

sanction.    It is well settled·that where the evidence does not justify a verdict of manslaughter it is not error to omit to charge the jury on that grade of homicide : Brown v. Com. 76 Pa. 319 (339) ; Clark v. Com. 123 Pa. 555 (575) ; Com. v. Crossmire, 156 Pa. 304 ; Com. v. Buccieri, 153 Pa. 535.    I am unable to see why the distinction between the degrees of the highest form of homicide, murder, should have any greater sanctity to disregard the binding force of the evidence.    There are some strong expressions in the cases on the duty of the court to leave this question to the ·jury, but they should be understood as referring to the right of the jury to. decide the facts, according to the law and the evidence, where the evidence admits of an issue of fact.    Where the evidence raises no such issue but points to only one alternative conclusion of murder of the first degree or not guilty at all, I can see no difference of duty either in court or jury between trials for murder or for any other crime.

On the contrary, in Shaffner v. Com., 72 Pa. 60, the judge charged the jury, "if the prisoner is guilty there can be no difficulty in ascertaining the degree for being by poison it must be in the first degree if purposely administered ; . . . . if you are convinced that he is guilty of the crime, it is murder of the first degree as declared by the act of assembly, and it is your duty to say so without regard to the consequences to the prisoner."    This was held not to be error.    And in McMeen v. Com., 114 Pa. 300, the charge was : " If you find the defendant sent the poison to his wife with the intent to take her life, then the law says it is murder in the first degree and you should say so in your verdict."    This again was held not to be error.    The distinction between these instructions to the jury and that given in the present case, is altogether too illusory and unsubstantial to be worthy of countenance by a court administering law and justice in a case of serious crime.