## Commonwealth *v.* Frucci, Appellant.

*Criminal law—Murder—Degree of guilt—Question for jury.*

When in a murder trial the question of guilt goes to the jury, the question of the degree goes with it, and the degree is exclusively for them under proper instructions, in which the court may express its own views as to the effect of the evidence, if in such expression there is no interference with the exclusive right and duty of the jury to pass upon the degree of guilt.

Where in a murder trial the judge repeats to the jury the words of the seventy-fourth section of the Act of March 31, 1860, P. L. 382, defining the crime of murder of the first degree, it is reversible error for the court to say "you will have to do in this case with that kind of murder stated in the statute as wilful, deliberate and premeditated murder." Such language assumes that the prisoner if guilty, is guilty of murder of the first degree, and takes from the jury the right to fix the degree.

Argued May 21, 1906. Appeal, No. 174, Jan. T., 1906, by defendant, from judgment of O. & T. Warren Co., March T., 1906, No. 1, on verdict of guilty of murder of the first degree in case of Commonwealth v. Antonio Frucci. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Indictment for murder. Before LINDSEY, P. J.
Verdict of guilty of murder of the first degree.

*Errors assigned* were (1, 2) instructions quoted in the opinion of the Supreme Court.

*George B. Munn*, with him *O. C. Allen* and *William Harrison Allen*, for appellant.

*Charles W. Stone* and *Wm. S. Clark*, district attorney, with them *Ralph W. Stone*, for appellee.

OPINION BY MR. JUSTICE BROWN, June 27, 1906:

After repeating to the jury the words of the 74th section of the Act of March 31, 1860, that "All murder which shall be perpetrated by means of poison, or by lying in wait, or by any other kind of wilful, deliberate and premeditated killing, or which shall be committed in the perpetration of, or attempt to perpetrate, any arson, rape, robbery, or burglary, shall be deemed murder of the first degree," the learned trial judge said to them, "You will have to do in this case with that kind of murder stated in the statute as wilful, deliberate and premeditated murder." What he evidently intended to say was, that in passing upon the contention of the commonwealth, that the offense of the appellant was murder of the first degree, they were to deal only with that kind of murder of the first degree described in the statute as " wilful, deliberate and premeditated killing," because it had not been perpetrated by means of poison, by lying in wait, nor in the perpetration of, or attempt to perpetrate, any arson, rape, robbery or burglary. In Commonwealth v. Drum, 58 Pa. 9, the prisoner had stabbed his victim to death, and in charging the jury, Judge AGNEW said: " In this case we have to deal only with that kind of murder in the first degree described as ' wilful, deliberate and premeditated.' " This language was used by the distinguished judge in that case that the jury might understand the kind of murder of the first degree with which the prisoner was charged, and not as indicating to them that his offense was one of " wilful, deliberate and premeditated killing." The trial judge quoted largely from the charge in the Drum case, and though he may have thought he was repeating the words of Judge AGNEW, he was not. If they had been repeated, there would have been no error in their repetition. What was said to this jury was, that they would "have to do" with what the statute

stated was " wilful, deliberate and premeditated murder." In other portions of the charge the court defined the different degrees of murder and instructed the jury that it was their duty to fix the degree of the prisoner's crime, but it cannot be assumed that they were not misled by the language set forth in the first assignment. It is not for a court, in any portion of its charge, to say unqualifiedly that the crime of the prisoner is murder of the first degree. It can do so only when the duty is imposed upon it of fixing the degree under a plea of guilty. When the question of guilt goes to the jury, the question of the degree goes with it, and the degree is exclusively for them under proper instructions, in which the court may express its own views as to the effect of the evidence, if in such expression there is no interference with the exclusive right and duty of the jury to pass upon the degree of the guilt. All through the charge it seems to be assumed that the prisoner had feloniously killed the deceased. The instructions were : " If after a careful consideration of the evidence you have a reasonable doubt as to whether the defendant is guilty in the first degree, you are to give him the benefit of this doubt. If you have a reasonable doubt as to his guilt of murder in the second degree, you are to give him the benefit of the doubt. And so if you come to the other question in relation to manslaughter. But that, as I have said, must be a reasonable doubt which grows out of the evidence." Later on the court said : " We think that the facts do not resemble a case of manslaughter, because the killing was not in a sudden heat of passion and done momentarily before the party had time to think or act." Of all this the appellant does not complain. His complaint is, that when the jury were told, " You will have to do in this case with that kind of murder stated in the statute as wilful, deliberate and premeditated murder," they must have understood the court as instructing them that the murder of the deceased was wilful, deliberate and premeditated, and that they were, therefore, bound under the statute to pronounce him guilty in the first degree, for the act declares that all such murder shall be deemed murder of the first degree. This complaint is just. Even if the court was not misunderstood, it may have been, and this dare not be in a capital case in instructions bearing against the prisoner.

After having retired to deliberate upon their verdict the jury returned and asked the court to again define to them murder of the first degree, murder of the second degree, and manslaughter. In complying with this request they were told, " It is the wilful, deliberate and premeditated killing that you are to deal with in this case.". This expression was, if anything, more unfortunate than the words used in the general charge, and must be regarded as a serious violation of the rights of the accused. Whether the killing was wilful, deliberate and premeditated was the very question for the jury's consideration, and until they found that there had been such a killing, they could not declare the life of the appellant forfeited. With it involved in the issue before them, it cannot be assumed that anything said elsewhere in the charge saved him from the peril to which the words complained of, if standing alone, would unquestionably have subjected him. They were evidently used inadvertently by the court, but in this serious case we must consider only their probable or possible effect upon the mind of the ordinary juror. The first and second assignments are sustained. No reversible error is found in any of the others, and they are overruled.

The judgment is reversed and a venire facias de novo awarded.