## Commonwealth v. Lacie, Appellant.

*Criminal law—Murder—Instructions.*

Where in a murder case the jury has been distinctly and properly instructed in a general charge as to what constitutes murder of the first degree, murder of the second degree and voluntary manslaughter and twice told that the duty was upon them of fixing the degree of the prisoner's guilt, if they should convict him, and in answer to points these instructions are repeated and nothing is to be found in any portion of the charge from which the jury could have inferred that the law's presumption was that the prisoner's guilt was that of first degree, a verdict of guilty of first degree murder was not disturbed.

Argued Jan. 22, 1917. Appeal, No. 45, Oct. T., 1917, by defendant, from judgment of O. & T. Cambria Co., March T., 1916, No. 7, from sentence of death on verdict of murder of the first degree in the case of Commonwealth of Pennsylvania v. John Lacie. Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Indictment for murder. Before STEPHENS, P. J.

The defendant, John Lacie, on March 9, 1916, in the village of Elton, Adams Township, Cambria County, killed Luther Qualls, by shooting him with a revolver. The jury brought in a verdict of guilty of murder in the first degree, on which sentence of death was passed.

*Errors assigned* were as follows:

First.—The trial judge erred in that part of his charge to the jury in which he said:

"You may infer malice from the character of the weapon used, and the intent to kill from the weapon and

the manner of using it.   Where a man uses a deadly weapon and aims it at a vital part of the body, the law presumes that he intended the rational consequences of his act.   That is to say, if a man points a deadly weapon at a vital part of a man's body and fires a shot from that weapon, the law presumes that he intends the result of his act which was apparent and known to him to be the natural result; that is, an intent to kill."

Second.—The trial judge erred in that part of his charge to the jury in which he said:

"In passing upon this question bear in mind what we have said to you as to the elements necessary to make out murder in the first degree, murder of the second degree and voluntary manslaughter.   Review the evidence and call to your minds the circumstances of the killing and the manner in which it was done and every element which would throw light upon it or in any way aid you in determining whether or not this was a wilful and deliberate killing.   That is to say, whether or not this defendant fired the shot with a fully formed purpose of killing Luther Qualls.   As we have said to you, the presumption of law is that one who points a deadly weapon at a vital part of the human body and fires a shot is presumed to know the consequences of his act.   Now, is there anything in the evidence in this case which meets that proposition?   While it is true that the burden is always upon the Commonwealth to make out its contention and every element necessary to sustain its contention, and that any doubt which may fairly arise out of the evidence enures to the benefit of the defendant and results in the failure of the Commonwealth to establish that particular feature of its case, at the same time it is your duty to take cognizance of the natural legal presumptions of both law and of fact in order that you may arrive at a proper verdict.   When we speak of reasonable doubt in criminal cases, we mean a doubt which fairly arises out of the evidence in the case.   Not a mere conjured doubt; not one that would naturally rise in your

minds to aid you in avoiding a disagreeable duty; but it should be such a doubt as fairly strikes a conscious mind and clouds the judgment. If there is such a doubt in this case as to the guilt of the defendant, or as to any element contended for by the Commonwealth, it enures to the benefit of the defendant and either works a reduction of the offense or his acquittal, as you apply it to the facts before you.

Third.—The trial judge erred in that part of his charge to the jury in which he said:

"The shooting in this case is not denied, and the fact that the shooting resulted in the death of Luther Qualls is conceded. While the question of degree is for you, as well as the question of guilt or innocence, yet, under the evidence and under the argument made by counsel for the Commonwealth, as well as for the defense, it is apparent that the question you will have to struggle with is the degree of the guilt, as the homicide is not denied. The question of what degree this defendant should be convicted is the question that the law requires you to determine in your verdict."

*Frank Bryson Wood,* for appellant.

*D. P. Weimer,* for appellee.

PER CURIAM, February 19, 1917:

Appellant's three assignments of error are to portions of the court's charge to the jury. What is complained of by the first is free from error, for, in Commonwealth v. Drum, 58 Pa. 9, it was said: "He who uses upon the body of another, at some vital part, with a manifest intention to use it upon him, a deadly weapon, as an axe, a gun, a knife or a pistol, must, in the absence of qualifying facts, be presumed to know that his blow is likely to kill; and, knowing this, must be presumed to intend the death which is the probable and ordinary consequence of such an act. He who so uses a deadly weapon

without a sufficient cause of provocation, must be presumed to do it wickedly, or from a bad heart. Therefore, he who takes the life of another with a deadly weapon, and with a manifest design thus to use it upon him, with sufficient time to deliberate, and fully to form the conscious purpose of killing, and without any sufficient reason or cause of extenuation, is guilty of murder in the first degree." The jury were distinctly and properly instructed, in the general charge as to what constitutes murder of the first degree, murder of the second degree and voluntary manslaughter, and they were twice told that the duty was upon them of fixing the degree of the prisoner's guilt, if they should convict him. In the answers to points these instructions were repeated, and nothing is to be found in any portion of the charge from which the jury could have inferred that the law's presumption was that the prisoner's guilt was that of first degree. Commonwealth v. Greene, 227 Pa. 86, is therefore, without application.

The three assignments of error are overruled, the judgment is affirmed and the record remitted for the purpose of execution.