## Commonwealth *v.* McManus, Appellant.

*Criminal law—Murder—Robbery—Evidence.*

1. Where two or more join in a robbery, all of the participants are liable for a homicide committed in the course thereof, by any one of their number, and this is so although the death was not intentional, or was even accidental.

2. In such case, where it appears that the victim was killed by a sawed-off shotgun, it may be shown that the man who did the shooting bought the gun two or three days before and had the muzzle end of the barrel cut off.

*Criminal law—Murder—Charge—Degree.*

3. So long as the trial judge, on the trial of an indictment for murder committed in the perpetration of a robbery, leaves the jury free to ascertain the degree, he does not transgress the statute by pointedly calling their attenion to the fact that the law makes a murder perpetrated in the commission of a robbery, a capital offense.

4. A trial judge is not required to reiterate principles every time he takes up a new phase of the case.

5. A trial judge, in a murder case, does not commit error in referring to the heinous character of the offense, where the facts warrant it.

*Criminal law—Murder—Recommendation to mercy—Board of pardons.*

6. A jury's recommendation to mercy in returning a verdict of murder of the first degree, cannot change the sentence of the court, but it may be a proper matter for the board of pardons to consider.

Argued November 24, 1924. Appeal, No. 355, Jan. T., 1924, by defendant, from judgment of O. & T. Phila. Co., April T., 1923, No. 500, on verdict of guilty of murder of the first degree, in case of Commonwealth v. Joseph McManus. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Indictment for murder. Before McDEVITT, J.

The opinion of the Supreme Court states the facts.

Verdict of guilty of murder of the first degree, on which judgment of sentence was passed.

*Errors assigned* were, inter alia, portions of charge sufficiently appearing by opinion of Supreme Court, quoting them.

*James J. Regan, Jr.,* with him *Thomas E. Comber, Jr.,* for appellant, cited: Com. v. Dibella, 72 Pa. Superior Ct. 360; Com. v. Ferko, 269 Pa. 39; Com. v. Frucci, 216 Pa. 84.

*Maurice J. Speiser,* Assistant District Attorney, and *Samuel P. Rotan,* District Attorney, for appellee, cited: Com. v. Webb, 252 Pa. 187; Com. v. Romezzo, 235 Pa. 407; Com. v. Micuso, 273 Pa. 474.

OPINION BY MR. JUSTICE WALLING, January 5, 1925:

Havens & Company, a firm of contractors, had offices at Perkiomen and Nineteenth streets, Philadelphia, and John C. Emgable, the deceased, was its paymaster. On Friday morning, April 13, 1923, Emgable, as was his custom, withdrew from a near-by bank currency suf-

ficient to meet the weekly payroll; in this instance, the amount was $2,587.67. While returning from the bank he was by pre-arrangement set upon, robbed and murdered by Joseph McManus, the defendant, and four companions. In the excitement, however, the robbers secured only Emgable's private pocket book, containing fourteen dollars; then departed in an automobile, but were later arrested. For the killing of Emgable, defendant was convicted of first degree murder, and, from sentence pronounced thereon, brought this appeal.

The record discloses no cause for reversal. Defendant took the stand as a witness for the Commonwealth, on the trial of one of his confederates, and voluntarily testified to his own participation in the robbery; he had also previously made a full confession of like import. The murder was committed with a sawed-off shotgun in the hands of one of the participants, named Trinkle, who held the muzzle thereof against Emgable's back while defendant, McManus, rifled his pockets. The gun, while so held, was discharged, killing Emgable; there is some question whether the discharge was intentional. The Commonwealth was permitted to prove that two or three days before the murder Trinkle bought the shotgun and had the muzzle end of its barrel cut off, apparently to enable him to carry the gun concealed under his overcoat. This proof was competent. The five joined in the commission of the offense and, on the trial of either, it was proper to show where and by whom the instrument of death was obtained; it was part of the history of the case. In any event, the defendant was not harmed by proof of the fact that he was absent when the weapon was secured. The vital fact as to him was his presence and participation in the robbery where the weapon was used as an instrument of terror and death. Admittedly they were all acting together in perpetrating the robbery; thereby each became liable for the acts of the others and in legal contemplation it was not material who secured the gun or fired the fatal shot. Where two or more join

in a robbery, they are all liable for a homicide committed in the course thereof by any one of their number (see Com. v. Micuso, 273 Pa. 474), and this is so although the death was not intentional, or was even accidental. See Com. v. Lessner, 274 Pa. 108; Com. v. Flanagan, 7 W. & S. 415, 418.

There is no ground for the complaint that the trial judge deprived the jury of the right to fix the degree of the crime. The murder was committed in the perpetration of a robbery and therefore under the statute it was of the first degree, and the trial judge, as was his duty, called the jury's attention to that fact, but he also instructed them that in case of conviction it was their right and duty to fix the degree of the crime. If he often repeated the former instruction he as often repeated the latter, although not always in the same connection. A trial judge is not required to reiterate legal principles every time he takes up a new phase of the case: Com. v. Webb, 252 Pa. 187. As part of the charge the trial judge read the statute defining murder, including the clause imposing upon the jury the duty of fixing the degree in case of conviction. He also said: "If, after careful consideration, you conclude that the guilt of the defendant in this case has been established by the evidence, you will then proceed to ascertain, in the same careful and painstaking way, the degree of guilt," and further that: "If the Commonwealth has satisfied you beyond a reasonable doubt of the guilt of the defendant, you have the power to render a verdict of guilty of murder of the second degree, or guilty of murder of the first degree." He also affirmed defendant's ninth point, which in clear language informed the jury of its right and duty to fix the degree of the crime. And on the jury's return for further instructions, the trial judge said, inter alia: "although it [the statute] specifies killing in the perpetration of a robbery as murder of the first degree, it still gives to the jury the right to find a verdict of murder of the first degree or

murder of the second degree, so that, under the facts before you and the law as it applies to the facts, you have three verdicts possible; that of not guilty, guilty of murder in the second degree, or guilty of murder in the first degree." So, although the trial judge repeatedly called the attention of the jury to the fact that under the law a murder committed in the perpetration of a robbery was of the first degree, he did not take from them the right to fix the degree; and it is only when he does that the defendant is deprived of his statutory right of having the jury fix the degree of his crime: Com. v. Ferko, 269 Pa. 39; Com. v. Chapler, 228 Pa. 630; Com. v. Frucci, 216 Pa. 84; Com. v. Fellows, 212 Pa. 297; Lane v. Com., 59 Pa. 271. So long as the trial judge leaves the jury free to ascertain the degree, he does not transgress the statute by pointedly calling their attention to the fact that the law makes a murder perpetrated in the commission of robbery a capital offense: Com. v. McCloskey, 273 Pa. 456; Com. v. Romezzo, 235 Pa. 407; Com. v. Kovovic, 209 Pa. 465; Com. v. Sutton, 205 Pa. 605; Com. v. Sheets, 197 Pa. 69. In the language of Justice AGNEW, in Shaffner v. Com., 72 Pa. 60, 68: "It is only when the charge becomes imperative, and takes from the jury the right of deciding and pronouncing the degree of the murder, that we have held it to be error. When left free, as in this case they were, to decide the degree for themselves, we have not held it to be error to impress upon their minds the legal inference from the facts, and their duty to obey the law."

Where, as here, the facts warrant it, a trial judge does not commit error in referring to the heinous character of the offense. Probably because of the defendant's youth, he being the youngest of the five and but eighteen years of age, the jury accompanied their verdict with a recommendation to mercy. This could not change the sentence of the court, but will be a proper matter for the board of pardons to consider.

We have examined the charge and all the excerpts therefrom to which error is assigned but find nothing to require further comment.

The assignments of error are overruled, the judgment is affirmed and the record is ordered remitted to the court of oyer and terminer for the purpose of execution.