## Commonwealth *v.* Arnold, Appellant.

*Criminal law—Murder—Use of deadly weapon—Malice—Evidence.*

1. He who uses on the body of another, at some vital point, with a manifest intention to use it on him, a deadly weapon, as an axe, a gun, a knife or a pistol, must, in the absence of qualifying facts, be presumed to know that his blow is likely to kill, and, knowing this, must be presumed to intend the death which is the probable and ordinary consequences of such an act.

2. It is not necessary to show special malice in a homicide case, for malice will be implied from conduct, recklessness of consequences, or the cruelty of the crime; or, an intent to take life may be inferred from the savageness of the blow.

3. Circumstantial evidence is, in the abstract, nearly, though perhaps not altogether, as strong as positive evidence; in the concrete, it may be infinitely stronger.

*Appeals — Evidence — Exceptions — Remarks of counsel—New trial—Discretion.*

4. On an appeal, complaint cannot be taken to the admission of evidence where no exception was taken in the lower court to such admission.

5. Alleged objectionable remarks of counsel will not be considered on appeal where they are not set forth in the assignments of error or in the record.

6. The refusal of a new trial is not ground for reversal where no abuse of discretion by the lower court is shown.

Argued October 6, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 295, Jan. T., 1927, by defendant, from judgment of O. & T., Phila. Co., Oct. T., 1926, No. 1218, on verdict of guilty of murder of the first degree, in case of Commonwealth v. Frank Arnold. Affirmed.

Indictment for murder. Before SMITH, J.

Verdict of guilty of murder of the first degree with penalty of death, on which sentence was passed. Defendant appealed.

*Errors assigned* were the sentence and refusal of new trial, quoting record.

*Harry H. Johns,* for appellant.

*Vincent A. Carroll,* Assistant District Attorney, with him *Charles Edwin Fox,* District Attorney, for appellee.

OPINION BY MR. JUSTICE KEPHART, November 28, 1927:

Appellant was convicted of murder of the first degree, and, in considering his appeal, we are directed by the Act of 1870, P. L. 15, to ascertain if the ingredients of first degree murder have been shown. In reviewing the evidence, the question presented is whether the chain of circumstances there appearing was sufficient to show guilt in the absence of direct proof of the defendant's guilt.

Lottie Arnold, common law wife of defendant, died as the result of injuries inflicted by a blunt instrument. Her nose was separated from the face at the root, the left ear crushed, there were lacerations on the left side of the face, a large triangular flap of the brow torn away, and her lip was bruised. Some of the wounds overlapped each other. The body, naked except for a brown overcoat, was found on the morning of October 12, 1926, in an alley a short distance from the rear of the place where defendant and the deceased had lived for upwards of a year. A trail of blood led from the

body to the room which the deceased and defendant had occupied. An officer, who saw the body, went to this room. When the door was opened, defendant, partially dressed, said, "I didn't do nothing." A search was made of the room and some of the deceased's garments were found "wet with blood." A hatchet that had been recently washed, was found lying on the kitchen table. There were blood spots on the carpet and in the bed where defendant had slept that night. His socks were wet with blood. The contents of the room were upset, evidencing a struggle. There was testimony that there had been a quarrel between the deceased and her husband on the street the evening before.

Defendant denied the killing and stated that he had returned to the room about 12 or 12 : 30 o'clock, remained all night, sleeping until the officer knocked at the door. He denied that the deceased had been in the room with him, and said he had not seen her for twenty-four hours before her death.

We are satisfied, from an examination of the record, a brief statement of which we have given above, that the evidence was of sufficient strength, if believed by the jury, to warrant a verdict of murder of the first degree, with the death penalty. While the evidence does not directly connect defendant with the crime, "circumstantial evidence is, in the abstract, nearly, though perhaps not altogether, as strong as positive evidence; in the concrete, it may be infinitely stronger": Commonwealth v. Harman, 4 Pa. 269, 271, 272; Commonwealth v. Kovavic, 209 Pa. 465. The wounds were undoubtedly produced by some blunt instrument, and the hatchet was received in evidence, without exception, as being that instrument. "He who uses on the body of another, at some vital part, with a manifest intention to use it on him, a deadly weapon, as an axe, a gun, a knife or a pistol, must, in the absence of qualifying facts, be presumed to know that his blow is likely to kill; and, knowing this, must be presumed to intend the

death which is the probable and ordinary consequence of such an act": Commonwealth v. Drum, 58 Pa. 9, 17; see also McCue v. Commonwealth, 78 Pa. 185, 191. It is not necessary to show special malice in a homicide case, for malice will be implied from conduct, recklessness of consequences, or the cruelty of the crime; or, an attempt to take life may be inferred from the savageness of the blow: Commonwealth v. Drum, supra, p. 15. From all these circumstances, it is apparent the question of guilt was solely for the determination of the jury.

Complaint is made of the admission of certain evidence, but no exceptions were taken, and these questions cannot, therefore, be considered. Some remarks of the district attorney are objected to as being harmful, but we have no knowledge of what they were, as the remarks are not set forth in the assignments of error or in the record. The only assignment of error is the refusal of the court below to grant a new trial, and we do not find an abuse of discretion in refusing the motion.

All the ingredients of first degree murder being present, and there being no trial errors, the judgment of the court below is affirmed and the record is ordered to be remitted for the purpose of execution.