Commonwealth *v.* Catanzarite, Appellant.

Argued April 15, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Dante G. Bertani,* Public Defender, for appellant.

*Gilfert M. Mihalich,* Assistant District Attorney, with him *John N. Scales,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, June 30, 1971:
Judgment of sentence affirmed.

DISSENTING OPINION BY HOFFMAN, J.:

Appellant was charged with rape and went to trial before a judge and jury. During the course of the trial a police officer testified that he arrested appellant the day after the offense and confiscated his undershorts. Over continuing objections by defense counsel he indicated that the shorts appeared as if they had

been worn a week and had spots on them which resembled blood, but could have been something else. Although the officer could not relate the shorts specifically to the crime, they were introduced into evidence, again over objection.

In regard to the undershorts the judge charged the jury only that "you will have it to take into the jury room to examine if you desire." The jury returned a verdict of guilty. Post-trial motions were denied; from judgment of sentence this appeal followed.

Appellant contends that the undershorts were improperly introduced into evidence because they were irrelevant to the proof of the Commonwealth's case and served only to inflame the minds of the jurors. The general rule in regard to evidence which may be inflammatory is that if it is "helpful to the jury in their investigation and deliberation and not introduced solely to arouse their emotions, the trial judge may, in the exercise of his sound discretion, admit such exhibits but the reason for their admission must be carefully explained to the jury . . . ." *Commonwealth v. Gibbs,* 366 Pa. 182, 186, 76 A. 2d 608, 610 (1950). *Commonwealth v. Dickerson,* 406 Pa. 102, 176 A. 2d 421 (1962).

In the instant case there was no testimony which related the undershorts to the crime. The prosecutrix testified that she noticed no blood at the time of the offense. The police officer gave only inconclusive and vague testimony that the spots "resembled" blood. This testimony could only implant in the mind of the jury an unwarranted conclusion that the "blood" was that of the prosecutrix. Nowhere was there an explanation of the purpose for which the undershorts were admitted.

I believe that the present situation is analogous to the admission of photographs into evidence. The test for the use of photographs is whether they "are of such

essential evidentiary value that their need clearly outweighs the likelihood of inflaming the minds and passions of the jurors." *Commonwealth v. Powell*, 428 Pa. 275, 278-279, 241 A. 2d 119, 121 (1968). "Pictures may not be excluded merely because they are horrid, but they should not be overused and they should have a purpose, such as to show the severity of the attack, . . . or the kind of crime it was . . . ." *Commonwealth v. Johnson*, 402 Pa. 479, 480, 167 A. 2d 511, 512 (1961). Here the undershorts were of no evidentiary value to the case. They did not corroborate the victim's testimony, nor did they have any bearing on a controverted issue in the case.

In addition, the exhibit was presented to the jury without any cautionary instructions. The jurors could only speculate as to the significance of the undershorts in relation to the testimony. Unless the purpose for which the evidence was admitted was clearly delineated, it could only serve to "inflame the passions of the jury." Cf. *Commonwealth v. Hoffman*, 439 Pa. 348, 266 A. 2d 726 (1970); *Commonwealth v. Morgan*, 358 Pa. 607, 58 A. 2d 330 (1948).

Since highly prejudicial evidence was presented to the jury without proper explanation, I would vacate the judgment of sentence and order a new trial.

MONTGOMERY and SPAULDING, JJ., join in this dissenting opinion.