## Commonwealth *v.* Romezzo, Appellant.

*Criminal law—Murder—Degree—Province of court and jury.*

1. On the trial of an indictment for murder, the question of the degree of murder goes to the jury with the question of guilt, and a peremptory instruction which withdraws it is erroneous; but it is always within the province of the court to point out the duty of the jury under the law and the evidence if they are left free to act.

2. Where it appears that the killing was committed for the purpose of robbery the court commits no error in telling the jury that if this was so it was murder in the first degree, and that it was their duty to so find, if he further says "I do not intend, by saying this to take away from you or to interfere with the right which you have under the law to fix the degree."

*Criminal law—Murder—Reasonable doubt—Charge.*

3. On the trial of an indictment for murder, two points on the subject of reasonable doubt were presented, in one of which the court was asked to say that if there was a reasonable doubt as to any material circumstance sought to be proved by the commonwealth as a link in the chain of proof, the verdict should be not guilty, and in the other that unless each fact proved by the commonwealth was consistent with the prisoner's guilt, etc., there should be acquittal. In affirming the points the court called attention to the words, "material circumstance" used in the first and in answering the second said that the fact must be a material fact that was a necessary link in the chain which made out the commonwealth's case. *Held,* that these instructions as to reasonable doubt were without error.

Argued Feb. 5, 1912. Appeal No. 4, Jan. T., 1912, by defendant, from judgment of O. & T., Lancaster Co., Sep. Sessions, 1911, No. 163, on verdict of guilty of murder in the first degree in case of Commonwealth v. Antonio Romezzo. Before Fell, C. J., Brown, Mestrezat, Elkin and Moschzisker, JJ. Affirmed.

Indictment for murder. Before Landis, P. J.

The court charged in part as follows:

"If, from the evidence, you conclude he committed this

horrid act, then, under your oaths, you should find him guilty; and, if it was committed for the purpose of robbery, it is murder in the first degree. If, on the other hand, you are not satisfied beyond a reasonable doubt, of his guilt, then it is your duty to render a verdict of not guilty. In my judgment, there is no middle course."

"From this testimony, if it is believed by the jury, sufficient facts are elucidated to enable you to conclude that Scarafino lost his life by violence at the hands of some one, and if you so conclude, the next inquiry which will arise is, whether or not the defendant perpetrated the deed."

"You have the right to say that the defendant is guilty of either murder in the first or murder in the second degree; but, if you find that there was wilful, deliberate and premeditated murder, with malice, or that the crime was perpetrated by lying in wait, or in the commission of, or attempt to commit, robbery or burglary, then there is no room for murder in the second degree, for the law says it is murder in the first degree, and you should so find. You are not a pardon board; you have only to decide the case according to the law and the evidence. I do not intend, by saying this, to take away from you or interfere with the right which you have under the law to fix the degree; but I deem it proper to point out to you what I believe is the measure of your duty."

Defendants presented these points:

"In criminal cases it is incumbent upon the Commonwealth to prove the defendant guilty beyond a reasonable doubt, and if the jury entertain a reasonable doubt as to which of two degrees of a crime a defendant is guilty, the defendant is entitled to the benefit of such doubt, and can be convicted of the lower offense only.

"Answer: We answer this point by saying that it is upon the Commonwealth to prove the defendant guilty beyond a reasonable doubt. We also say that, under the

law, the jury have the power to fix the degree, if they find the defendant guilty. But we also say that, if the defendant killed Scarafino with malice aforethought, or in the commission of a robbery then they should, if they convict him at all, find him guilty of murder in the first degree."

"If the jury has reasonable doubt as to any material circumstance sought to be proved by the Commonwealth as a link in the chain of proof, their verdict must be not guilty, because they cannot be satisfied beyond all reasonable doubt of their conclusion if such doubt exists as to any of the steps by which they arrived at that conclusion.

"Answer: That point is affirmed; but we impress upon you the fact that it must be a material circumstance without which no reasonable conviction can be had."

"Unless each fact proved by the Commonwealth is consistent with the fact that the prisoner committed the offense charged and with the other facts established, and unless such facts are inconsistent with the conclusion that the deceased died in some other way than at the hands of the defendant, the verdict must be not guilty.

"Answer: That point is affirmed. We say, it must be a material fact, one which is a necessary link in the chain which makes out the Commonwealth's case."

Verdict of guilty of murder of the first degree upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were (2-7) above instructions quoting them.

*Spencer G. Nauman* and *Benjamin C. Atlee,* for appellant.—Cited as to the instructions as to degree: Com. v. Fellows, 212 Pa. 297; Lane v. Com., 59 Pa. 371; Rhodes v. Com., 48 Pa. 396; Com. v. Sutton, 205 Pa. 605; Com.

v. Chapler, 228 Pa. 630; Adams v. State, 29 Ohio 412; Com. v. Frucci, 216 Pa. 84.

Cited as to reasonable doubt: Com. v. Colandro, 231 Pa. 343.

*John M. Groff,* district attorney, with him *Charles W. Eaby,* assistant district attorney, for appellee.—Cited as to degree: Com. v. Cunningham, 232 Pa. 609; McClain v. Com. 110 Pa. 263; Com. v. Pacito, 229 Pa. 328; Com. v. Kovovic, 209 Pa. 465; Com. v. Frucci, 216 Pa. 84; Com. v. Orr, 138 Pa. 276; Knee v. McDowell, 25 Pa. Super. Ct. 641; Commonwealth v. Meads, 29 Pa. Super. Ct. 321.

Cited as to reasonable doubt: Com. v. Drum. 58 Pa. 9; Com. v. Conroy, 207 Pa. 212; Kilpatrick v. Com., 31 Pa. 198; Shovlin v. Com., 106 Pa. 369.

OPINION BY MR. CHIEF JUSTICE FELL, March 18, 1912:

The assignments of error are to the general charge and to the answers to points. We find nothing in them to give rise to even a debatable question. The murder of which the prisoner was convicted was committed in the perpetration of robbery. Of this there was no doubt under the testimony and no question in relation to it was raised at the trial. In the instructions complained of the jury were told that if the murder was committed for the purpose of robbery, it was murder of the first degree and that it was their duty to so find. This plain statement of the law was accompanied with the distinct instruction that it was the right of the jury to ascertain the degree. Nothing of the nature of a direction to find a verdict of the first degree or of a withdrawal of the question of the degree from the jury appears in the charge. The expression of opinion by the learned trial judge that there was no middle ground and no room for a finding of the second degree was followed by the statement, "I do not intend, by saying this, to take away from you or to interfere with the right which you have under the law to fix the degree; but I deem it proper to

point out to you what I believe is the measure of your duty."

In Rhodes v. Commonwealth, 48 Pa. 396; Lane v. Commonwealth, 59 Pa. 371; Commonwealth v. Fellows, 212 Pa. 297, and Commonwealth v. Frucci, 216 Pa. 84, relied on by the appellant, there was either a peremptory instruction as to the degree or what amounted to the same thing, the withdrawal of its ascertainment from the jury. These cases and all of our cases recognize the right of the trial judge to express his opinion of the duty of the jury on the facts, leaving them always free to act. The question of the degree of murder goes to the jury with the question of guilt, and a peremptory instruction which withdraws it is erroneous. But it is always within the province of the court to point out the duty of the jury under the law and the evidence if they are left free to act. Commonwealth v. Sutton, 205 Pa. 605; Commonwealth v. Kovovic, 209 Pa. 465.

The instruction in the charge in relation to the reasonable doubt that should work an acquittal was admittedly full and accurate. Two points on the subject were presented, in one of which the court was asked to say that if there was a reasonable doubt as to any material circumstance sought to be proved by the Commonwealth as a link in the chain of proof, the verdict should be not guilty, and in the other that unless each fact proved by the Commonwealth was consistent with the prisoner's guilt, etc., there should be an acquittal. In affirming the points the court called attention to the words "material circumstances" used in the first and in answering the second said that the fact must be a material fact that was a necessary link in the chain which made out the Commonwealth's case. One was answered in the exact language in which it was put, attention being called to its essential feature and in the other the qualification was proper. We find no merit in any of the assignments.

The judgment is affirmed and it is directed that the record be remitted for the purpose of execution.