# Commonwealth v. Lessner, Appellant.

*Criminal law—Murder—Killing in perpetration of crime—Acts of March 31, 1860, P. L. 382, and May 22, 1887, P. L. 158—Intention—Charge—Confession—Evidence—Reference to failure of defendant to testify.*

1. Where a homicide is committed in an attempt to perpetrate a robbery, the defense of an accidental killing is without avail.

2. Where it is shown that the gun which fired the fatal shot was in defendant's possession for the criminal purpose of robbery, it is immaterial that the discharge was unintentionally caused while struggling with the victim, or with a third party who came to the latter's assistance.

3. It is the fact of killing in the perpetration of or attempt to perpetrate the crime which brings the case within the statute—not the intent to kill.

4. Where a witness testifies in a murder trial that he struck defendant in the face before the fatal shot was fired, and this is corroborated, the trial judge does not commit error, while calling the jury's attention to such testimony, by referring to the fact that defendant's written confession made on the day of the occurrence, set up no such claim.

5. The trial judge does not commit error in a murder trial, where, in referring to a fact in defendant's confession, he says "and this is without contradiction," where such reference is not to the failure of defendant to testify, but to the fact that it might have been contradicted by other evidence.

6. Where on a murder trial there is no incorrect statement of the law in the general charge, or in the points and answers, and taken

together they sufficiently cover the case, there is no cause for reversal.

7. A felonious homicide is presumed to be murder, and not manslaughter, and, if there is nothing shown to reduce it to the latter offense, the trial judge may define the two degrees of murder, and ignore manslaughter.

8. Where the Commonwealth shows a murder committed in an attempt to perpetrate a robbery, it is not necessary for it to go further and show other elements constituting murder of the first degree, nor for the court to charge that the burden was upon it to do so.

9. The mere putting away of the weapons, on the approach of the neighbors, and immediately redrawing them, does not constitute a break in the chain of events in the attempt to commit a robbery.

10. On the trial of an indictment for murder, the trial judge may, where there is a ground to justify it, express his opinion to the jury, so long as he leaves them free to act.

Argued March 27, 1922. Appeal, No. 385, Jan. T., 1922, by defendant, from judgment of O. & T. Phila. Co., August T., 1921, No. 175, on verdict of guilty of murder of the first degree, in case of Commonwealth v. Harry Lessner. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and SADLER, JJ. Affirmed.

Indictment for murder. Before ROGERS, J.

The opinion of the Supreme Court states the facts.

Verdict of guilty of murder of the first degree, upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were various instructions appearing by the opinion of the Supreme Court, quoting them.

*Wm. A. Gray,* for appellant.—The trial judge took from the jury their province of determining the question of whether defendant was guilty or innocent: Com. v. Frucci, 216 Pa. 84; Com. v. Gerade, 145 Pa. 289; Com. v. Greene, 227 Pa. 90; Com. v. Divomte, 262 Pa. 504.

It is the duty of the court to instruct the jury as to the law in relation to accidental killing where there is evidence in the case to support such theory: Com. v. Silcox, 161 Pa. 484; Com. v. Watson, 233 Pa. 295; Com. v. Deitrick, 221 Pa. 7.

A charge is inadequate and misleading which calls the attention of the jury to the testimony of plaintiff's principal witness in support of his claim without alluding to the contradiction in the witness's testimony: Herrington v. Guernsey, 177 Pa. 175; Com. v. Goldberg, 4 Pa. Superior Ct. 142; Goersen v. Com., 99 Pa. 388; Com. v. Silcox, 161 Pa. 484.

The trial judge did not properly instruct the jury upon the question of reasonable doubt: Com. v. Andrews, 234 Pa. 597; Com. v. Hoskins, 60 Pa. Superior Ct. 230; Com. v. Colandro, 231 Pa. 343.

*Charles F. Kelley,* Assistant District Attorney, with him *Samuel P. Rotan,* District Attorney, for appellee, cited: Com. v. Cunningham, 232 Pa. 609; McMeen v. Com., 114 Pa. 300; Com. v. Payne, 242 Pa. 394; Com. v. Webb, 252 Pa. 187; Com. v. Russogulo, 263 Pa. 93; Com. v. Van Horn, 188 Pa. 143; Com. v. Washington, 202 Pa. 148; Com. v. Webb, 252 Pa. 187.

OPINION BY MR. JUSTICE WALLING, April 24, 1922:

This appeal by defendant is from sentence on conviction of murder of the first degree. On the afternoon of June 28, 1921, the defendant, Harry Lessner, and a confederate named George Jackel, entered the jewelry store of S. Bugay, 2327 South Seventh Street, Philadelphia, and with drawn revolvers attempted to hold up and rob Mrs. Bugay, who was in charge of the store; her screams, however, brought the neighbors to her assistance before the robbery was completed. The robbers being frustrated by men entering the store put their revolvers away and started for the door, but, being intercepted, again drew their weapons and forced their way out, where they

were immediately surrounded by neighbors who had heard the woman's cry of alarm. According to the Commonwealth's evidence the defendant brandished his gun and threatened death to any one who got in his way, and did aim at and shoot through the heart Isadore Rabinowitz, the deceased. Whereupon defendant was disarmed and turned over to an officer.

The theory of the defense is that the gun was accidentally discharged in a struggle for its possession and not fired at the deceased or at any one. Such theory, even if true, of which there was but slight evidence, would constitute no defense. The statute says: "All murder......which shall be committed in the perpetration of, or attempt to perpetrate, any arson, rape, robbery or burglary, shall be deemed murder of the first degree." In the instant case, the shooting, although done in front of the store, was so connected with the attempted robbery as to form a part of it. The mere putting away of the weapons, on the approach of the neighbors, and immediately redrawing them did not constitute a break in the chain of events; therefore, we must treat this case as a homicide committed in an attempt to perpetrate a robbery, and, so treating it, the defense of an accidental killing is without avail. The gun that fired the fatal shot was in the defendant's possession for the criminal purpose of robbery and that the discharge was unintentionally caused while struggling with his victim, or with a third party who came to the latter's assistance, is immaterial. Under the statute it is murder of the first degree although the killing was casual and unintentional: Wharton on Homicide (3d ed.), p. 175, and note; and, "The term 'murder' as used in such statutes includes all kinds of unlawful killing which constituted murder at common law, and is not confined to such as were committed with a deliberate and premeditated design to kill": Ibid. It is the fact of killing in the perpetration of or an attempt to perpetrate the crime which brings the case

within the statute—not the intent to kill. An accidental killing in the ordinary sense is not felonious but no such result can follow a killing by a felon in the perpetration of one of the specified crimes, for the malice of the initial offense attaches to whatever else the criminal may do in connection therewith. The statute would be vain if it applied only where there was an intent to take life, for in such case it would be first degree murder without it. This conclusion justifies the refusal of defendant's fourth, seventh and eighth points. Moreover, the evidence of disinterested eyewitnesses, the direction of the wound and all the circumstances, wholly discredit the theory of accidental shooting.

For the defense a Mr. Lincoln testified he struck defendant in the face before the shot was fired, which was corroborated by another witness; in calling the jury's attention to this testimony the trial judge did not err in referring to the fact that defendant's written confession, made on the day of the occurrence, set up no such claim.

In referring to a part of the confession the trial judge said "and this is without contradiction"; but that was not a reference to the failure of the defendant to testify, as it might have been contradicted by other evidence, and therefore not a violation of the statute prohibiting such reference: Com. v. Chickerella, 251 Pa. 160.

What was said in the general charge as to reasonable doubt, while meagre, was not erroneous and, as supplemented by an affirmance of defendant's request upon that question, leaves no just cause for criticism. Where there is no incorrect statement of the law in the general charge or in the points and answers, and taken together they sufficiently cover the case, there is no cause for reversal therefor.

Error is assigned to the following excerpt from the charge, viz: "The law of Pennsylvania has made wilful, deliberate and premeditated murder a capital crime. In this case a murder was committed after an attempted

robbery.  A life has been taken.  The unfortunate Rabinowitz was sent to an untimely grave, struck down by the hand of violence, and it is for you to determine whose that hand and what its guilt." This left the question of guilt and of the degree thereof to the jury.  According to the evidence on both sides, including the defendant's confession, the gun was in his hand when the shot was fired and, if the jury so found, he would be guilty of murder, for reasons above stated; but had the jury failed to so find then he would have been acquitted.  So the statement that "a murder was committed" did him no harm.

A felonious homicide is presumed to be murder and not manslaughter, and, as there was nothing shown to reduce it to the latter offense, the trial judge properly defined the two degrees of murder and ignored manslaughter.  And although a homicide committed in the attempt to perpetrate a robbery is made by statute a capital offense and the jury were correctly so instructed, yet they were repeatedly told, and properly so, that in case of conviction it was for them to fix the degree of the crime: Com. v. Flanagan, 7 W. & S. 415, 418; Lane v. Com., 59 Pa. 371; Shaffner v. Com., 72 Pa. 60; Com. v. Ferko, 269 Pa. 39.

Having shown a murder committed in the attempt to perpetrate a robbery, it was not necessary for the Commonwealth to go further and show other elements constituting murder of the first degree; nor for the court to charge that the burden was upon it to do so.  "The act in which the malefactor was engaged was of such a nature, so deep a crime, involving such turpitude of mind, and protection against which was so necessary to the peace and welfare of all good citizens, that our legislature considered the intention as of no consequence, and accordingly decreed death to be the penalty of such offenses": Com. v. Flanagan, supra.  In other words, he who causes the death of another, while in the perpetration of such heinous crime, forfeits his own life, although the

death may have been uintentional.  See Epps v. State, 19 Ga. 102.

While leaving the question of the defendant's guilt and the degree of murder to the jury, the trial judge was within his rights in expressing the opinion that if they believed defendant committed the offense, as stated by the Commonwealth's witnesses, they would be warranted in finding him guilty of murder of the first degree; for where there is ground to justify it, a judge may express his opinion to the jury so long as he leaves them free to act: Com. v. Cunningham, 232 Pa. 609; Com. v. McGowan, 189 Pa. 641; Com. v. Orr, 138 Pa. 276; Johnson v. Com., 115 Pa. 369; McClain v. Com., 110 Pa. 263.

The assignments of error are all overruled; the appeal is dismissed and the record is remitted for the purpose of execution.