## Commonwealth *v.* Foster, Appellant.

Argued January 13, 1950. Before Maxey, C. J., Drew, Linn, Stern, Stearne and Jones, JJ.

*C. William Freed, Jr.,* with him *Donald B. Smith,* for appellant.

*Willard S. Curtin,* District Attorney, with him *Donald W. Van Artsdalen,* Assistant District Attorney, for appellee.

Opinion by Mr. Justice Allen M. Stearne, March 20, 1950:

Harold Foster (appellant) and Harry Zietz were indicted (with David Darcy and Felix Capone) for the murder of William Kelly on December 22, 1947. They

were tried jointly by a jury, Judge BOYER, of Bucks County, presiding. The jury rendered a verdict of guilty of murder in the first degree, fixing the penalty of death. Appellant has appealed assigning trial errors.

The homicide resulted in the course of a "holdup" or armed robbery of a tap room or tavern located in Feasterville, Bucks County. No question is raised concerning the identity of appellant or his participation in the robbery. A confession which has not been repudiated was offered in evidence. A recital of the details of this crime may be found in *Commonwealth v. Darcy*, 362 Pa. 259, 261, 66 A. 2d 663, et seq., and need not be again repeated. The conviction and sentence of David Darcy, a co-defendant, was affirmed by this Court. A certiorari to the United States Supreme Court was refused.

Appellant assigns four trial errors: (1) The learned trial judge failed to define second degree murder and manslaughter (2) That it was error for the trial judge to say that the patrons of the barroom "would have had the right to kill the defendants" (3) Admission in evidence of other crimes to "determine what kind of men the defendants are", and (4) in charging the jury that if they found defendant guilty of murder in the first degree "the death penalty would be the just and proper punishment for the crime." We will consider these objections *seriatim.*

There is no merit in the contention that the learned trial judge did not define the degrees of murder and permit the jury to fix the degree. After a careful charge reciting the principal testimony, the judge read to the jury the provisions of the Act of March 31, 1860, P. L. 382 (as re-enacted in The Penal Code 1939, June 24, P. L. 872, 18 PS 4701), as follows: " 'All murder which shall be perpetrated by means of poison, or by lying in wait, or by any other kind of wilful, deliberate and premeditated killing, all murder which shall be committed in

the perpetration or attempt to perpetuate any arson'—arson, as you know, means the burning of buildings—'rape, robbery, burglary or kidnapping, shall be deemed murder in the first degree, and all other kinds of murder shall be deemed murder in the second degree; and the jury before whom any person indicted for murder shall be tried shall, if they find such person guilty thereof,'—that is, guilty of murder—'ascertain in their verdict whether it be murder in the first degree or second degree.' "

This Court has repeatedly decided that the question of the *degree* of murder is for the *jury*. An instruction which withdraws such question from the jury is erroneous. The jury must be left free to act: *Commonwealth v. Romezzo*, 235 Pa. 407, 411, 84 A. 400; *Commonwealth v. Lessner*, 274 Pa. 108, 113, 118 A. 24; *Commonwealth v. Stelma*, 327 Pa. 317, 322, 192 A. 906, and the many cases therein cited.

The learned trial judge further instructed the jury: ". . . it will be your duty to determine from the evidence whether or not these defendants, either personally or through the agency of one of their accomplices, killed Mr. Kelly, and whether or not it was murder. If he killed him under such circumstances that it was murder, if you find that it was murder, your verdict will so state, and *also state murder of which degree.* If you find that it was a murder committed in the perpetration of a robbery, then your verdict should be murder in the first degree.

"If you find that verdict, then you will have another duty which the Act of Assembly places upon juries where they return a verdict of murder in the first degree, and that is to determine the punishment or penalty for the crime." (Italics supplied.)

There is nothing in the charge which instructed the jury that it was not at liberty to fix the degree: *Com-*

*monwealth v. Myma,* 278 Pa. 505, 511, 123 A. 486. On the contrary, the jury in terms was directed to fix the degree. As a felonious homicide is presumed to be murder and not manslaughter, and as there was nothing shown to reduce it to the latter offense, the trial judge properly defined the two degrees of murder and ignored manslaughter, and instructed the jury, in case of conviction, to fix the degree of such crime: *Commonwealth v. Lessner,* 274 Pa. 108, 113, 118 A. 24.

Appellant also contends that it was error for the court to have said in his charge: "We say to you that any person in that barroom, whether they were personally attacked or not, would have had a right to have killed any or all of these three men who entered there for that purpose. We say to you also that the persons perpetrating the robbery had no rights under the law, had no right to defend themselves, no right to injure anyone in self-defense. If they staged a robbery, they lost the legal right which law-abiding citizens have to defend themselves. They had no legal right to injure anybody and much less to kill anybody or to attempt to kill anybody."

This was an instruction, in effect, that under all the evidence, the appellant could not contend that he acted in self-defense. By the uncontradicted testimony and the confession it appeared that appellant was engaged in perpetrating a robbery.

It is also contended that it was error to admit in evidence the statement in the confession that immediately following the present "holdup" and homicide appellant participated in a similar "holdup". This is without merit. As was held in *Commonwealth v. Brooks,* 355 Pa. 551, 553, 50 A. 2d 325, such fact was admissible on two grounds (1) because it constituted a link in a chain of closely connected crimes and (2) in order to show the character of the appellant in the determination of the penalty. See *Commonwealth v. Darcy,* supra.

The trial judge did not err when he instructed the jury that if they found defendant guilty of murder of the first degree ". . . the death penalty would be the just and proper punishment for the crime. *However, we again remind you that the question is entirely for you and you are not bound by the opinion of the court.*" (Italics supplied.) We have repeatedly decided that a trial judge has the right to express his own opinion, providing the jury is left free to act upon their own views —i. e.—that anything which the judge says, in that connection, is not binding on them: *Commonwealth v. Webb,* 252 Pa. 187, 97 A. 189; *Commonwealth v. Stelma,* 327 Pa. 317, 192 A. 906; *Commonwealth v. Simmons,* 361 Pa. 391, 65 A. 2d 353.

In compliance with the mandate of the Act of February 15, 1870, P. L. 15, section 2, we have read this entire record and have found to be present all the ingredients necessary to sustain the jury's verdict.

The judgment and sentence are affirmed.

---

DISSENTING OPINION BY MR. JUSTICE JONES:

As the majority opinion discloses, the homicide for which the appellant was convicted of murder in the first degree with the death penalty is the same killing for which a confederate, Darcy, was heretofore adjudged guilty in like degree with similar penalty: See *Commonwealth v. Darcy,* 362 Pa. 259, 66 A. 2d 663. The harmful trial error which I deemed present in the *Darcy* case (362 Pa. at p. 283), due to the Commonwealth's introduction in evidence of prior unrelated offenses of the defendant, contrary to the provisions of the amendatory Act of July 3, 1947, P. L. 1239, was also committed in the trial of the present appellant. I therefore dissent for the reasons assigned in the dissenting opinion in *Commonwealth v. Darcy.*