Commonwealth *v.* Kloiber, Appellant.

484

Argued November 16, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Everett Kent,* with him *Theodore R. Gardner,* for appellants.

*George J. Joseph,* First Assistant District Attorney, with him *M. Jack Morgan,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., December 29, 1953:

The appellants in these cases were convicted by a jury of robbery. The evidence showed that at 12:35 P.M. February 29, 1952, two men entered the R. & F. Dress Company Office in Allentown, and at gun point took the payroll of $2556.67 from the bookkeeper and the president. The two escaped in a waiting car driven by a third party.

The defendants, together with one Michael Senkovich, an escapee from the Bucks County Jail, were subsequently arrested and charged with the offense. Michael Senkovich and the defendant, Stephen Kloiber, were alleged to have been the two armed men who entered the premises; the defendant, William Kloiber, was alleged to have been the driver of the car used in the crime.

Senkovich and Stephen Kloiber, upon apprehension, gave signed statements to the Pennsylvania State Police, admitting participation in the robbery. Both were identified at the trial by the company bookkeeper and the company president as the two men who had entered the office and seized the payroll, although on two previous occasions these witnesses had failed to identify them as the holdup men. Senkovich entered a plea of guilty and was sentenced by the Court. Subsequently the appellants entered pleas of not guilty, and their cases were consolidated and tried jointly by a jury be-

fore Judge JAMES F. HENNINGER. A verdict of guilty was found as to both defendants on all counts. Both filed motions for a new trial. Following argument thereon, the motions were dismissed by the lower court and sentences were imposed. These are appeals from the judgments and sentences.

Appellants object to the failure of the lower court to grant their request for separate trials. The propriety of consolidating indictments for trial is a matter for the trial court to determine in the exercise of a sound discretion, and the appellate courts will not reverse except for a clear abuse of such discretion. *Commonwealth v. Mulroy,* 154 Pa. Superior Ct. 410, 412, 36 A. 2d 337 (1943) and cases cited therein. Here, both defendants were charged with participation in the same crime and almost all of the evidence introduced was applicable to both. We can find no abuse of discretion here and we accordingly are of the opinion that the indictments were properly tried together.

Five counts were contained in Stephen Kloiber's indictment, the first of which was armed robbery, he being charged with being one of the two men who entered the building and committed the armed robbery. Five counts were also contained in William Kloiber's indictment, the first of which was robbery with accomplice, he being charged with waiting outside in the car to assist his accomplices in their escape. The other four counts were identical. The court in its charge to the jury made reference to the counts against both defendants being "parallel." Although the trial judge asked at the end of his charge whether either counsel had anything further to be brought to the attention of the jury the court's attention was not called to this matter. We think the reference in the charge to the counts being parallel was harmless error under the circumstances of the case.

William Kloiber did not take the stand. In reviewing the testimony the court said in its charge, "I think there is no contradiction of William Kloiber having been at the farm and having gone with Michael Senkovich, at least the first time, to the Silver Star. So that William Kloiber does not make a denial that he was with Michael Senkovich on the early morning when this robbery occurred, but now Rose Trexler says that William Kloiber drove up to the Silver Star," etc.

It is to be noted that the court is not talking about the time of the robbery but of an earlier hour. Nevertheless, standing alone the statement "that William Kloiber does not make a denial that he was with Michael Senkovich" could be considered reversible error. *Commonwealth v. Green,* 233 Pa. 291, 82 A. 250 (1912), *Commonwealth v. Foley,* 24 Pa. Superior Ct. 414 (1904), *Commonwealth v. Thomas,* 275 Pa. 137, 118 A. 667 (1922). But we must consider the charge as a whole. *Commonwealth v. Barnak,* 357 Pa. 391, 54 A. 2d 865 (1947) and cases cited therein at Page 406.

The court finished its charge as follows: "There is one more thing to be said to you, and that is that any person accused of crime has a constitutional right not to testify. They have a right not to take the stand if they see fit to do so, and I want to impress on you that the fact that a person has chosen to exercise that constitutional right does not give you the power to draw any unfair or adverse inference concerning that person. To put it specifically, William Kloiber chose not to testify in this case. That was his constitutional privilege, and the fact that he exercised that right does not give you the right to draw any inference that could be adverse to him in this case."

Considering the charge as a whole we think the jury clearly understood that they could draw no inference adverse to the defendant from his failure to take the

stand and that his failure to deny that he was with Senkovich early in the morning of the day of the alleged robbery could not be taken as an admission by him that they were together that morning. See *Commonwealth v. Holley*, 358 Pa. 296, 56 A. 2d 546 (1948).

The trial judge expressed his opinion on some of the evidence and this he may do even to the point of indicating an opinion, so long as the jury is left free, as this one was, to act upon its own view of the evidence. *Commonwealth v. Elliot*, 292 Pa. Pa. 16, 21 140 A. 537 (1928), *Commonwealth v. Webb*, 252 Pa. 187, 197, 97 A. 189 (1916), *Commonwealth v. Lessner*, 274 Pa. 108, 114, 118 A. 24 (1922), *Commonwealth v. Foster*, 364 Pa. 288, 293, 72 A. 2d 279 (1950), *Commonwealth v. Simmons*, 361 Pa. 391, 65 A. 2d 353 (1949).

In commenting on the evidence of identification the court pointed out that the witnesses had twice before failed to identify Stephen Kloiber and that on one occasion they were under oath. He then said: "You must also bear in mind that when we come to the question of identification, that there can be mistakes made insofar as identification testimony is concerned, and you must accept such testimony with caution." Appellants wanted more said about the caution with which identification testimony was to be received, but the charge of the court was sufficient on this point.

At the trial Michael Senkovich admitted participating in the robbery with two other men, but said they were not the defendants. Having previously signed a confession involving the defendants as his accomplices, the District Attorney pleaded surprise and cross examined him on this point. Concerning this testimony the court commented as follows: "I want to say to you that the effect of that testimony would not be to produce testimony because Michael Senkovich did not say in court here that William and Stephen Kloiber were

the persons that were with him, it would not amount to the production of testimony that they were the men. If you believe from that cross-examination that Michael Senkovich was lying when he said it was Kelly and Crawford, it would simply serve to blot out his testimony that the men who were with him was a man by the name of Kelly and a man by the name of Crawford, but it would not produce positive testimony as to who those two men were."

There is no merit to the appellants complaint that the effect of the testimony relating to the confession was not properly explained to the jury.

We have read carefully the entire charge and are convinced that it was fair to both defendants and that their objections to it are without merit.

Although the evidence against Stephen is stronger than that against William, there was sufficient evidence to warrant the latter's conviction. We see no necessity to relate here in detail the evidence from which the jury could properly infer his guilt.

The judgments are affirmed; and it is ordered that the defendants appear in the court below at such time as they may be there called, and that they be by that court committed until they have complied with their sentence or any part of it that had not been performed at the time the appeal was made a supersedeas.