J-S10022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KENNETH B. DAVENPORT | |
| Appellant | No. 1409 EDA 2014 |

Appeal from the PCRA Order of April 16, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-CR-0000117-1973

BEFORE:  GANTMAN, P.J., STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:               **FILED MARCH 17, 2015**

Appellant, Kenneth Davenport, is serving four consecutive life sentences for murders he committed in 1973.  He appeals from an order dismissing his serial PCRA[1] petition as untimely.  We affirm the PCRA court's order and deny his pending applications for relief.

On March 11, 1973[2] Appellant, then a Drexel University student, murdered four members of his family: father Alexander Sr., mother Rowilla,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46.

[2] The record certified to this Court is missing all documents filed prior to August 12, 2012, except for a copy of this Court's unpublished memorandum filed on February 21, 1986.  We elect to decide the case on the diminished record, because the missing documents do not affect our decision.  Appellant has petitioned to correct the record to include his August 2, 2012 PCRA petition.  For purposes of this appeal, we will assume the petition is a part of
*(Footnote Continued Next Page)*

16-year-old-brother Edmund, and 13-year-old brother Peter. Appellant bludgeoned them to death with a shotgun barrel inside their home in Willow Grove, Montgomery County. Appellant was charged, indicted, and convicted of four counts of first-degree murder,[3] but the trial court *en banc* granted a new trial because of erroneous jury instructions. On retrial, Appellant was again convicted, and the trial court imposed four consecutive sentences of mandatory life without parole. Appellant did not appeal. In 1986, this Court affirmed the denial of Appellant's first post-conviction relief petition. **See Commonwealth v. Davenport**, 509 A.2d 1319 (Pa. Super. 1986) (unpublished memorandum), *appeal denied*, 563 A.2d 886 (Pa. 1987), *cert. denied*, 493 U.S. 996 (1989).

On August 2, 2012, Appellant filed a *pro se* PCRA petition. Appellant claims his sentence is illegal under **Miller v. Alabama**, 132 S. Ct. 2455, 2460 (2012), which holds that persons who were under 18 when they committed murder cannot receive mandatory sentences of life without parole. The PCRA court dismissed Appellant's petition as untimely.

---

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

the record and was filed on that date. Appellant also asked for an extension of time to file his brief, a request that is now moot.

[3] The offenses predate the effective date of the Crimes Code, which defines first-degree murder at 18 Pa.C.S.A. § 2505(a). The governing law is the Penal Code of 1939, Act of June 24, 1939, P.L. 872, § 701. **See, e.g., Commonwealth v. Foster**, 72 A.2d 279, 290-91 (Pa. 1950) (quoting the applicable language).

On appeal, Appellant argues the PCRA court erred in not addressing his petition under the state writ of *habeas corpus*, in not appointing counsel, and in dismissing his petition as untimely. We must first address the timeliness of Appellant's petition, a question of law. ***See Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa. Super. 2014). Accordingly, "our standard of review is *de novo* and our scope of review is plenary." ***Id.***

Upon review, we hold the PCRA court correctly dismissed Appellant's petition as untimely. First, Appellant cannot meet the one-year PCRA filing deadline. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Appellant was sentenced on April 29, 1977. Because he did not appeal to the Supreme Court, his judgment of sentence became final on May 31, 1977.[4] The PCRA filing deadline passed one year later—decades before Appellant filed the instant petition.

Second, Appellant cannot meet his proffered exception to the time bar, the "new retroactive constitutional right" exception. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(iii). ***Miller*** does not apply to Appellant, because he freely admits he was 18 years old when he committed the murders. ***See***

___

[4] Until 1980, our Supreme Court had jurisdiction over direct appeals in all murders cases. Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 223 § 202(1) (formerly codified at 42 Pa.C.S.A. § 722(1), and deleted by the Act of Sept. 23, 1980, P.L. 686, No. 137 § 1).

Appellant had 30 days from imposition of sentence to appeal, or May 31, 1977. May 29, 1977 was a Sunday, and May 30 was Memorial Day. ***See*** 1 Pa.C.S.A. § 1908 (excluding Sundays and legal holidays from computation of time).

Defendant's Amended Supplemental Statement of Jurisdiction Concerning His Recently Filed Petition for Post Conviction Relief (PCRA), 10/31/12, ¶ 2.[5] We recently rejected such an attempt to expand *Miller*'s holding to persons 18 and older. *See Commonwealth v. Cintora*, 69 A.3d 759, 764 (Pa. Super. 2013). Moreover, *Miller* does not apply retroactively to cases on collateral review. *Commonwealth v. Cunningham*, 81 A.3d 1, 11 (Pa. 2013); *Commonwealth v. Sesky*, 86 A.3d 237, 243 (Pa. Super. 2014). Any new constitutional right must have been held to be retroactive **before** a PCRA petition invoking § 9545(b)(1)(iii) is filed—not after. *Sesky*, 86 A.3d at 243.[6]

Appellant's remaining assignments of error are meritless. The PCRA court properly rejected Appellant's attempt to circumvent the PCRA by

---

[5] To this filing, Appellant attached a partial copy of his presentence investigation report dated February 9, 1977. The report lists Appellant's date of birth as November 3, 1954, meaning that he turned 18 in 1972, *i.e.*, before committing the murders.

[6] The Supreme Court of the United States has never held *Miller* to be globally retroactive. Indeed, it denied *certiorari* on the question in *Cunningham*. *See Pennsylvania v. Cunningham*, 134 S. Ct. 2724 (2014). The High Court recently granted *certiorari* to consider *Miller*'s retroactivity, but it appears that the grant was limited to the facts of that specific case, and, in any event, the Court has now dismissed the case. *See Toca v. Louisiana*, No. 14-6381, 135 S. Ct. 781 (2014) ("Does the rule announced in [*Miller*] apply retroactively to **this** case?") (emphasis added), *cert. dismissed*, 2015 WL 507612 (U.S. Feb. 3, 2015). We therefore deny Appellant's application for post-submission communication, in which he requested we hold his case for a decision in *Toca*.

styling his petition a "*habeas* petition." The PCRA subsumes all forms of post-conviction relief, including the writ of *habeas corpus* when used to obtain post-conviction relief. 42 Pa.C.S.A. § 9542; **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013) ("[A] defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*."). Further, the PCRA court did not err in denying Appellant's request for appointment of counsel. The right to PCRA counsel exists only for a first PCRA petition. Pa.R.Crim.P. 904(C). This proceeding is Appellant's second post-conviction petition.

For the foregoing reasons, we affirm the order dismissing Appellant's PCRA petition as untimely. We deny Appellant's application for an extension of time to file brief and to correct the record, and application for post-submission communication. **See supra**, footnotes 2 and 6.

Order affirmed. Motion for an Enlargement of Time to File a Brief and Correction of the Record denied. Application for Post-Submission Communication denied.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/17/2015

- 5 -