J-A17022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEBASTIAN GARRO | : | |
| | : | |
| Appellant | : | No. 878 EDA 2019 |

Appeal from the Judgment of Sentence Entered February 15, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001808-2017

BEFORE: BOWES, J., McCAFFERY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McCAFFERY, J.:                    **FILED AUGUST 17, 2020**

Sebastian Garro (Appellant) appeals from the judgment of sentence entered in the Delaware County Court of Common Pleas following his jury convictions of aggravated assault[1] and related offenses. Appellant contends the trial court erred by denying a requested jury instruction on justification of the use of force because he presented evidence of self-defense at trial. We affirm. We also grant Appellant's application for extension of time to file a reply brief.[2]

_____

[1] 18 Pa.C.S. § 2702(a)(1).

[2] On June 2, 2020, Appellant filed an application for extension of time to file a reply brief. Although this Court did not rule on it, on June 11, 2020, Appellant filed a reply brief. We hereby grant the application for extension of time to file a reply brief and accept for review the reply brief already filed.

The victim in this case, Thomas Lynch (Lynch), testified to the following at trial: Lynch allowed Appellant and his two-year-old daughter to reside with him in his home located in Tinicum Township, Delaware County, when Appellant needed a place to stay. N.T. Jury Trial, 12/12/18, at 40-42. Lynch was confined mostly to his bedroom because he did not have full use of the left side of his body as a result of a stroke he suffered in 2010. He was capable of walking up and down stairs and could walk to nearby convenience stores. *Id.* at 43. On January 26, 2017, Appellant entered Lynch's bedroom to confront Lynch about sexually abusing Appellant's daughter. *Id.* at 47. Lynch was in his bed at the time of the confrontation. *Id.* Appellant, according to Lynch, then reached for a machete in Lynch's bedroom, struck Lynch with it, and said, "[T]his is what I do to people who hurt [my daughter]." *Id.* at 47. Due to the physical limitations caused by the stroke, Lynch was unable to escape Appellant and was struck repeatedly on his head and arms. *Id.* at 47-48. Appellant further attacked Lynch with the machete, and then struck Lynch's left leg at the ankle with a steel rod. *Id.* at 48-49.

While the attack occurred, Appellant's daughter was present in the home and knocked on the bedroom door asking Appellant to come out. N.T., 12/12/18, at 50. After the initial attack, Appellant began to videotape Lynch and demanded that Lynch admit to sexually assaulting his daughter. *Id.* at 51-52. Lynch ultimately admitted to touching Appellant's daughter, but explained at trial that he made this admission because of the threats and the

attack upon him that was already perpetrated by Appellant. *Id.* at 59. Appellant demanded that Lynch tell him where the deed to the house was so that Lynch could sign the deed over to Appellant. *Id.* at 60.

Appellant told Lynch to tell the police that other people were the perpetrators of the attack on him. Lynch told authorities that three to four people came into his home and attacked him. N.T., 12/12/18, at 61-62. Lynch eventually disclosed to the Tinicum Police Department that it was Appellant who caused his injuries. *Id.* at 172. Lynch explained that he was concerned that Appellant or someone on his behalf would kill him because he had spoken with the police. *Id.* at 173.

Dr. Bruce Lutz, the orthopedic trauma surgeon who treated Lynch's injuries, testified on behalf of the Commonwealth. N.T., 12/12/18, at 117. Dr. Lutz explained at trial that Lynch sustained a laceration, which went to the bone of Lynch's left tibia causing damage to an artery, nerve and tendon. He also had multiple lacerations to his right arm and his head. *Id.* at 122-23.

Appellant testified and presented evidence during trial to suggest that his actions were motivated by self-defense. N.T., 12/13/18, at 54. According to Appellant, Lynch admitted to touching Appellant's daughter and that is when Appellant initially struck Lynch with his fists. *Id.* Appellant claimed that during his argument with Lynch, Lynch "went to reach for [the machete]," but Appellant took the machete away from Lynch and attacked Lynch with it. *Id.* at 54, 81. According to Appellant, it was only after Lynch admitted to touching

Appellant's daughter that Appellant began attacking Lynch. *Id.* Appellant testified that he used the machete against Lynch because he was afraid that Lynch "might go attack me or my daughter." *Id.* In his statement to the police, Appellant admitted to striking Lynch with a machete five or six times and "carving him up." *Id.* at 80-81. Appellant admitted at trial Lynch never had the machete, but rather, when Lynch reached for it, Appellant grabbed it and struck Lynch. *Id.* at 81.

During the charging conference, Appellant requested the trial court provide a jury instruction concerning the use of force. The Commonwealth objected and the court denied Appellant's request. N.T., 12/13/18, at 136-38.[3]

---

[3] We note the following exchange occurred during the charging conference:

> THE COURT: All right. I am not going to charge on justification, defense of others, which I believe is 9502 in the standard suggested criminal jury instructions. [Appellant's Counsel] has an exception. Anything – to my failure to do that. Anything else you would like to put on the record, [Appellant's Counsel], with regard to that?
>
> [Appellant's Counsel]: Just I object, Your Honor. I submitted materials to the Court. I would incorporate them into my objection.
>
> THE COURT: Okay. You did [ ] submit the materials which had a reference to Section 506 and a case of *Hornberger*, Superior Court of Pennsylvania 72 A.2d 279. . . .

N.T., 12/13/18, at 136-37.

- 4 -

Finally, we note that because of the serious nature of the allegations made by Appellant regarding Lynch sexually assaulting Appellant's daughter, the Tinicum Police Department conducted a thorough investigation. N.T., 12/12/18, at 183-84. Their investigation found no evidence to warrant charges against Lynch. *Id.* at 185-88.

The jury found Appellant guilty of aggravated assault, possession of an instrument of crime, endangering the welfare of a child, and persons not to possess firearms.[4] On February 15, 2019, the court sentenced Appellant to an aggregate term of 20 to 40 years' imprisonment. Appellant filed a post-trial motion on February 25th, which the trial court denied on March 15th.

On March 22, 2019, Appellant timely filed a notice of appeal and complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The trial court filed an opinion on October 29, 2019.

> Appellant presents one issue for our review:
>
> [Appellant] testified that he was compelled to use a machete against his roommate after his roommate tried to attack him with it. Did the trial court err by failing to charge the jury on justification for the use of force?

Appellant's Brief at 3. Appellant contends the trial court erroneously failed to charge the jury on justification for the use of force because his testimony provided evidence of self-defense and the trial court decided issues of witness

---

[4] 18 Pa.C.S. §§ 907(a), 4304(a)(1), 6105(a)(1).

credibility that were for the jury. *Id.* at 13-15. Appellant argues he had ample justification for the use of force because Lynch intended to use an immediately accessible deadly weapon. *Id.* at 14. Appellant cites *Commonwealth v. Hornberger*, 74 A.3d 279 (Pa. Super. 2013), to support his argument that if a defendant validly asserts self-defense or defense of others, the Commonwealth bears the burden to disprove justification beyond a reasonable doubt. *See Hornberger,* 74 A.3d at 283. Appellant insists that the court should have instructed on justification on the use of force, because there was evidence that his testimony supported the necessary elements of a justification defense. Appellant's Brief at 13. According to Appellant, his testimony established that even though he used force against Lynch with a machete, his conduct was justified because it only started after Lynch first attempted to take the machete and attack Appellant. *Id.* at 14. Appellant claims that his testimony was legally sufficient to support a finding that he reasonably believed force was "immediately necessary." *Id.* at 15. Appellant also argues that it was not for the trial court to decide whether it believed him, but rather the jury, who must be given the justification charge if there was evidence of self-defense.

In reviewing a trial court's denial of a jury instruction, our standard of review is as follows:

> "[O]ur standard of review when considering the denial of jury instructions is one of deference — an appellate court will reverse a [trial] court's decision only when it abused its discretion or committed an error of law." "[O]ur key inquiry is whether the

instruction on the particular issue adequately, accurately, and clearly presents the law to the jury, and is sufficient to guide the jury in its deliberations."

*Commonwealth v. Cannavo*, 199 A.3d 1282, 1286 (Pa. Super. 2018) (citations omitted), *appeal denied*, 217 A.3d 180 (Pa. 2019).

Section 505 of the Pennsylvania Crimes Code states, in pertinent part:

**§ 505.  Use of force in self-protection**

**(a)  Use of force justifiable for protection of the person.—** The use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion.

**(b)  Limitations on justifying necessity for use of force.—**

\* \* \*

(2) The use of deadly force is not justifiable under this section unless the actor believes that such force is necessary to protect himself against death, serious bodily injury, kidnapping or sexual intercourse compelled by force or threat; nor is it justifiable if:

(i) **the actor**, with the intent of causing death or serious bodily injury, **provoked the use of force** against himself in the same encounter; or

(ii) the actor knows that he can avoid the necessity of using such force with complete safety by retreating, except the actor is not obliged to retreat from his dwelling or place of work, **unless he was the initial aggressor** or is assailed in his place of work by another person whose place of work the actor knows it to be.

(2.1) Except as otherwise provided in paragraph (2.2), an actor is presumed to have a reasonable belief that deadly force is immediately necessary to protect himself

- 7 -

against death, serious bodily injury, kidnapping or sexual intercourse compelled by force or threat if both of the following conditions exist:

(i) the person against whom the force is used is in the process of unlawfully and forcefully entering, or has unlawfully and forcefully entered and is present within, a dwelling, residence or occupied vehicle; or the person against whom the force is used is or is attempting to unlawfully and forcefully remove another against that other's will from the dwelling, residence or occupied vehicle.

(ii) the actor knows or has reason to believe that the unlawful and forceful entry or act is occurring or has occurred.

(2.2) The presumption set forth in paragraph (2.1) does not apply if:

\* \* \*

(iii) the actor is engaged in a criminal activity or is using the dwelling, residence or occupied vehicle to further a criminal activity;

18 Pa.C.S. § 505(a), (b)(2), (b)(2.1), (b)(2.2)(iii) (emphases added).

Further, Section 506 provides:

**§ 506. Use of force for the protection of other persons**

**(a) General rule.**—The use of force upon or toward the person of another is justifiable to protect a third person when:

(1) the actor would be justified under section 505 (relating to use of force in self-protection) in using such force to protect himself against the injury he believes to be threatened to the person whom he seeks to protect;

(2) under the circumstances as the actor believes them to be, the person whom he seeks to protect would be justified in using such protective force; and

- 8 -

(3) the actor believes that his intervention is necessary for the protection of such other person.

18 Pa.C.S. § 506(a).

Before self-defense may be invoked, there must be evidence presented to justify a finding of self-defense. *Commonwealth v. Webster*, 416 A.2d 491, 492 (Pa. 1980). A jury charge on self-defense must be given upon request where the jury would have a possible basis for finding for finding self-defense. *Commonwealth v. Brown*, 421 A.2d 660, 662 (Pa. 1980).

In *Hornberger*, the case relied upon by Appellant, the defendant was convicted of third degree murder after he attacked the victim, who was temporarily staying in the same apartment as the defendant. *See Hornberger*, 74 A.3d at 281. The defendant claimed he acted to protect a friend, who was also staying at the apartment, and whom the victim attacked. *Id.* The trial court provided the following jury instruction:

> Similar to [the court's instructions concerning self-defense], if you find that [the defendant] and [the friend he was purportedly protecting] had the right to be in [the] apartment that evening and you also find that [the victim] did not have the right to be in the . . . residence, then [the defendant] and [his friend] had no obligation to retreat from the apartment. If, however, you find that [the defendant] and [his friend] and also [the victim] had the privilege to be present in the . . . residence, then [the defendant] and [his friend] had a duty to retreat to avoid the necessity of deadly force.

*Id.* at 281-82.

Following the defendant's conviction, he submitted a post-trial motion for a new trial. *Hornberger*, 74 A.3d at 282. Ultimately, the trial court

agreed with the defendant's position, vacated his convictions, and ordered a new trial. *Id.* On appeal, this Court affirmed, concluding:

> Because a defendant does not have a duty to retreat from his dwelling except with limited exceptions, we also agree that the jury should be instructed that if they find that [the] apartment constitutes a dwelling place for [the defendant] and [his friend], then no duty to retreat applies unless [the defendant] or [his friend], or both, were the initial aggressors.

*Id.* at 286.

> In the present case, the trial court summarized its ruling:

> [T]he court did not err by failing to charge the jury on justification for the use of force as it is only necessary for the trial judge to determine as a matter of law that the three elements for justification of the use of force existed before the trial judge is required to read the instruction to the jury. [Appellant] attempted to use *Hornberger* in the objection against the trial judge's decision to not read the justification of force charge to the jury. In *Hornberger* the court ruled that the trial judge erred as to not charging the jury as to the justification for self-defense because it should have been a jury question as to whether or not the [defendant] was in a dwelling in which he had no duty to retreat. In the matter at hand it is not even a question of whether [Appellant] was in his dwelling when the attack on Lynch occurred because [Lynch] was in his own dwelling. However, as 18 Pa.C.S. § 506(a)(1) states, "The use of force upon or toward the person of another is justifiable to protect a third person when the actor would be justified under section 505 (relating to use of force in self-protection) in using such force to protect himself against the injury he believes to be threatened to the person whom he seeks to protect." Additionally, 18 Pa.C.S. § 505 calls for the actor to believe the force is "immediately necessary." Since [Lynch] was a disabled stroke victim that could not even retreat when [Appellant] attacked him the trial judge found that the force was not "immediately necessary" given the circumstances and under the rule listed in *Hornberger* would not be compelled to charge the jury on the justification of force.

Trial Ct. Op. 10/29/19, at 4-5 (citations omitted).

Here, we agree Appellant was not entitled to a jury instruction on justification of the use of force. *See* 18 Pa.C.S. §§ 505, 506. Appellant failed to meet the elements required under Section 505 or 506 to establish self-defense or defense of others. Although both *Hornberger* and this case concern defendants who occupied the same dwelling as the victim, this case is distinguishable because it was undisputed that Appellant initiated the attack. Appellant himself testified he first punched Lynch with his fists while Lynch was in his bed. N.T., 12/13/18, at 54. Appellant further testified that in the "middle of the confrontation," the victim "reach[ed] for" the machete, but Appellant "grabbed it off him" and "carve[d Lynch] up." *Id.* at 54, 80-81. Neither Appellant nor his daughter were in any imminent danger posed by Lynch as Lynch, a disabled stroke victim, could not retreat, and also had no duty to do so since he was in his own home. Thus, the record supports the court's determination that Appellant's use of force was not "immediately necessary." *See* Trial Ct. Op. at 5.

Moreover, regardless of whether Appellant subjectively believed force was "immediately necessary," he was not entitled to a justification instruction because his own testimony demonstrated he "provoked the use of force" and was the "initial aggressor."[5] *See* 18 Pa.C.S. § 505(b)(2)(i)-(ii). Appellant's

---

[5] "[A]n appellate court is not bound by the rationale of the trial court and may affirm on any basis if the record supports it." *Commonwealth v. Diaz*, 183 A.3d 417, 421 (Pa. Super. 2018).

own version of events defeated any self-defense or justification since the charge, by its very definition requires "immediacy." Appellant himself noted that although the victim "reached for" the machete, he never possessed, brandished or attempted to use it against Appellant. Once "disarmed" the victim posed no threat and there was thus no need to "carve him up." Given these circumstances, we conclude the trial court properly refused to charge the jury on the justification of force. Thus, no relief is due.

Judgment of sentence affirmed. Appellant's application for extension of time to file a reply brief granted.

President Judge Emeritus Ford Elliott joins this Memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/20